**Pedro CRUZ–CRUZ, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–71211.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 28, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**594**

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Alison Marie Igoe, Christine A. Bither, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

### MEMORANDUM **

Pedro Cruz–Cruz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") order denying his application for cancellation of removal. We dismiss in part, and deny in part, the petition for review.

■ We lack jurisdiction to evaluate whether streamlining was appropriate in this case because the IJ denied relief based, in part, on petitioner's failure to demonstrate "exceptional and extremely unusual" hardship. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 854 (9th Cir. 2003).

■ To the extent petitioner contends that the BIA denied him due process by failing to remand the case to the immigration judge to present evidence under a new standard for "exceptional and extremely unusual hardship" announced in *Matter of Monreal–Aguinaga*, 23 I. & N. Dec. 56, 2001 WL 534295 (BIA 2001), this argument does not raise a colorable due process challenge. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1270–71 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity"); *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review petitioner's constitutional challenge to the BIA's streamlining regulations, however, this contention is foreclosed by *Falcon Carriche*, 350 F.3d at 851.

Pursuant to *Desta v. Ashcroft*, No. 03–70477, petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, or continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed nunc pro tunc to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.